MARGARET E. BARTER *et al. vs.* ARNOLD GREENLEAF.

Lincoln, 1875.—March 22, 1876.

*Assumpsit. Frauds—statute of. Deed—acknowledgment of consideration not an estoppel.*

The acknowledgment by the grantor of the receipt of the consideration of a deed is not a conclusive estoppel that it has been so received.

When a promise of payment or some other contract or thing to be done has been relied upon as the consideration of a deed and the grantee refuses to pay or perform, the grantor may recover the value of his property as upon an implied assumpsit.

ON EXCEPTIONS.

ASSUMPSIT, on account annexed for a lot of land. Also on a tecond count setting out that October 18, 1867, in consideration that the said Margaret would convey to him the defendant a cersain lot of land, situate in Wiscasset, of the value of $300, he

agreed to give her a bond to reconvey to her said lot with the buildings thereon, on time and terms therein to be expressed, that she conveyed to him the lot and that he went into possession of the same under her deed ; that she demanded the bond of him ; but he neglected and refused to execute and deliver it.

The writ was dated April 29, 1873. The plea was the general issue and a brief statement of the statute of frauds.

The plaintiffs offered to prove by parol evidence, every allegation in the second count of their declaration. The defendant objected to the proof by parol, whereupon the justice presiding ruled that assuming the allegations proved, they would not be sufficient to maintain the action, and ordered a nonsuit, to which ruling and order the plaintiffs excepted.

*R. K. Sewall*, for the plaintiffs.

*B. F. Smith*, for the defendant.

APPLETON, C. J. The plaintiffs' writ contains a count for the price of certain land, and another count on a special contract in which it is alleged that the female plaintiff conveyed certain land to the defendant at his special instance and request, and that in consideration of said conveyance, he verbally promised to give her a bond for the reconveyance of said land, and the buildings thereon, which though requested he has refused to do.

The contract as set forth in the second count is within the statute of frauds and cannot be enforced. *Long* v. *Woodman*, 58 Maine, 49. But if the defendant has a deed of the plaintiffs' land, and has agreed to give a bond for its reconveyance, and refuses to perform his agreement, he should not be permitted to retain the land so conveyed without consideration, and in fraud of the plaintiffs' rights. The acknowledgment by the grantor of the receipt of the consideration of a deed is not a conclusive estoppel that it has been so received. It would seem when a promise of payment or of some other consideration has been relied upon as the consideration of a conveyance, and there is a refusal to perform that the other party may recover the value of his property upon an implied assumpsit as in *Bassett* v. *Bassett*, 55 Maine, 127. *Basford* v.

*Pearson,* 9 Maine, 387. *Long* v. *Woodman,* 65 Maine, 56. *Thomas* v. *Dickerson,* 2 Kernan, 365.

*Exceptions sustained.*

WALTON, DICKERSON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.